OPINION
{¶ 1} Plaintiff-appellee Campbell, Schock Co. CPS, Inc. ("Campbell"), brought an action to recover monies owed by reason of accounting services rendered to defendant-appellant Renick Brown. Following a bench trial, the trial court rendered judgment in favor of Campbell. Brown appeals from that judgment, contending that it is against the manifest the weight of the evidence.
 {¶ 2} We conclude that there is evidence in the record from which a reasonable trier of fact could determine that Brown owed monies to Campbell by virtue by services rendered, and that the trier of fact did not lose its way. Consequently, we conclude that the judgment is not against the manifest weight of the evidence.
 I {¶ 3} This case arises from Campbell's attempt to collect monies owed by reason of services rendered with regard to the preparation of Brown's income tax returns. The record reflects that in February, 2002, Brown met with Dana Schock, President of the Campbell accounting firm, regarding the correction of 1999 tax returns prepared by another accounting firm for Brown and his restaurants. Following that meeting Campbell prepared several different returns, including Federal, State and county returns, which it then forwarded to Brown. Campbell also billed Brown $1,160 for its services. Brown failed to remit payment, and Campbell ultimately filed suit seeking judgment on the account.
 {¶ 4} The matter proceeded to trial. The trial court, as the trier of fact, found in favor or Campbell and awarded judgment as sought in the complaint. Brown, acting pro se, now appeals.
 II {¶ 5} We infer Brown's sole assignment of error to be as follows:[1]
 {¶ 6} "THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 7} The main thrust of Brown's argument in support of this assignment of error is that Campbell was not authorized to perform the work in question. He further contends that the returns prepared by Campbell were incorrect, and that the bills submitted by Campbell were erroneous.
 {¶ 8} We begin by noting that "judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v.Foley Const. Co. (1978), 54 Ohio St.2d 279, 280. Further, we must start with a presumption that the findings of the trial court are correct, because the trial court as the trier of fact is best able to observe the witnesses and use those observations in weighing the credibility of witness testimony. Seasons CoalCo., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 81.
 {¶ 9} The trial court found that Brown engaged Campbell to prepare the subject tax returns. This conclusion was based, in large part, upon the contents of a letter from Brown to Campbell, dated April 15, 2005. The body of the letter reads, in its entirety, as follows:
 {¶ 10} "I am writing to advise you that the completion of my tax return is taking too long and you have not given me an estimate on the costs that I requested at the beginning of this process and several times since.
 {¶ 11} "I have found that there are too many errors in your work and the omission of expenses like mileage when involving the business of pizza delivery is incomprehensible."
 {¶ 12} The trial court concluded that the letter indicates that Brown expected completion of the tax returns, and thus, supported Campbell's claim that it had been hired to prepare the returns.
 {¶ 13} Conversely, Brown contends that he never authorized Campbell to prepare any tax returns on his behalf. To the contrary, he claims that he merely met with Schock with the intent of seeking an estimate of the cost of the work. He further contends that the letter dated April 15, 2005, upon which the trial court relied in determining this issue, was misconstrued, and that the trial court failed to read it in its entirety.
 {¶ 14} From our review of the evidence, we conclude that there is evidence in the record, even without the above-mentioned letter, from which the trial court could reasonably find that Brown engaged Campbell to perform the work in question. Schock testified that Brown engaged his firm to correct 1999 tax returns, which had been improperly calculated by a different accountant. He further testified that he told Brown that he was unable to give an estimate of the cost of doing this work, because the cost was "unpredictable." Schock also testified that he informed Brown that the firm would charge an hourly fee. The trial court, as the trier of fact, could rely on this testimony as competent evidence of engagement. In any event, the letter provides corroboration of Schock's testimony, and the trial court appropriately relied upon it in determining that Schock's testimony was more credible. We find no merit to Brown's contention that the trial court misconstrued his letter. Therefore, we cannot say that the trial court's determination in this regard is against the manifest weight of the evidence.
 {¶ 15} Next, Brown contends that the trial court erred in rendering judgment in favor of Campbell, because the returns prepared by Campbell were incorrect. The only evidence submitted in support of this contention is Brown's testimony that the work was not done correctly. Conversely, Schock testified that the services provided to Brown were correct and conformed to industry standards.
 {¶ 16} Based upon these facts, the trial court was not unreasonable in finding that the work was performed correctly. This is especially true in light of the fact that Schock gave expert opinion testimony to support this finding. Brown's testimony could be appropriately disregarded, since he admitted that he is not an accountant.
 {¶ 17} Finally, Brown claims that the bills submitted to him by Campbell were erroneous. However, we agree with the trial court's finding that the record demonstrates that the services rendered were appropriately and correctly billed. Campbell submitted copies of the firm's time ledger, which indicates the number of hours spent on Brown's returns, along with the hourly fee. Campbell also submitted a copy of a bill with a zero starting balance, showing the total hourly fees for the work performed. Campbell also testified that the bill was accurate, fair and reasonable.
 {¶ 18} We conclude that the record supports the trial court's determination that Brown engaged Campbell to perform accounting work on his behalf. It further supports a finding that the work was done correctly, and that the billing for that work was appropriate. Therefore, we find Brown's claim that the judgment is against the manifest weight of the evidence to be without merit.
 {¶ 19} Brown's sole assignment of error is overruled.
 III {¶ 20} Brown's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Brogan and Wolff, JJ., concur.
[1] Brown fails to state an Assignment of Error, as required by App.R. 16(A)(3). After reviewing his appellate brief, we have determined that his argument is essentially that the judgment is against the manifest weight of the evidence, and mainly concerns issues of credibility.